**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MOHAMMED ZUBAIR,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|   v. ) | No. |
| ) | |
| **NORTHSHORE UNIVERSITY HEALTH** ) | |
| **SYSTEM, ANNETTE LEHMAN, and** ) | |
| **DENISE WRIGHT,** ) | **Trial By Jury Demanded** |
| ) | |
|     **Defendants.** ) | |

**C O M P L A I N T**

Now Comes Plaintiff, Mohammed Zubair, by and through his attorneys, Avery Camerlingo Kill, LLC, by Annemarie E. Kill, and by way of complaint against Defendants, NorthShore University HealthSystem, Annette Lehman, and Denise Wright, states as follows:

**PARTIES**

1. Plaintiff, Mohammed Zubair (hereinafter "Zubair"), is an Asian-Indian resident of the city of Skokie, Cook County, Illinois. Plaintiff brings this action for damages to compensate him for the economic loss and other damages caused by Defendants.

2. Defendant, NorthShore University Health System (hereinafter "North Shore" ) is a health care system incorporated under the laws of the State of Illinois. At all times relevant herein, Defendant has conducted and continues to conduct business in the State of Illinois and operates a hospital known as "Glenbrook Hospital" located at 2100 Pfingsten Road, Glenview, Illinois (hereinafter "Glenbrook Hospital").

3. At all relevant times herein, Defendant North Shore employed more than fifteen (15) people and has been, and is, engaged in an industry affecting commerce. It is an employer

within the meaning and purview of Section 701(b) of the Civil Rights Act of 1964 (42 USCS §2000e-(b)) and the Americans with Disabilities Act.

4. Defendant Annette Lehman was employed by North Shore during the relevant events. On information and belief, she is a resident of the County of Lake, State of Illinois.

5. Defendant Denise Wright was employed by North Shore during the relevant events. On information and belief, she is a resident of the County of Cook, State of Illinois.

### JURISDICTION AND VENUE

6. Jurisdiction of this court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964 (42 USCS § 2000 et.seq., Section 706(f)), the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12101 *et. seq.*, 42 U.S.C. §1981, and supplemental jurisdiction as codified in 28 U.S.C. §1331 and 28 U.S.C. §1367.

7. Venue is proper in this judicial district under 28 U.S.C. §1391.

### PROCEDURAL PREREQUISITES

8. On or about May 21, 2010, Plaintiff filed Charge of Discrimination No. 440-2010-04243 against Defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC") located in Chicago, Illinois. The charge was filed within 300 days of the occurrence of the unlawful employment practices.

9. The EEOC issued Plaintiff a Notice of Right to Sue on May 28, 2010 which was received thereafter. The Notice of Right to Sue entitled Plaintiff to initiate a civil action within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period. A copy of said Notice of Right to Sue is attached hereto as Exhibit "A."

**FACTUAL BACKGROUND**

10.     Zubair was hired by Defendant on or about May 19, 2009 as a part-time Laboratory Assistant in the Laboratory Services Department at Glenbrook Hospital.

11.     As a certified phlebotomist, Zubair drew blood from the veins of patients. The blood draws are known as "venipuncture sticks."

12.     Zubair worked in a department of approximately twenty-five (25) people. Of these, approximately seven to ten were other phlebotomists drawing blood from patients.

13.     On August 4, 2009 Defendants Annette Lehman (hereinafter "Lehman") and Denise Wright (hereinafter "Wright") were employees of North Shore/Glenbrook Hospital and Zubair's co-workers. On that date, they improperly accessed Zubair's protected health information under the Health Insurance Portability and Accountability Act, 42 U.S.C. §1320d-5 (hereinafter "HIPAA").

14.     Lehman and Wright accessed protected information involving Zubair's treatment for erectile dysfunction (hereinafter "ED") by a physician at Evanston Hospital. Evanston Hospital is also part of the NorthShore University Health System so Zubair's medical records were accessible to personnel at Glenbrook Hospital.

15.     Erectile dysfunction is the inability to achieve and sustain an erection suitable for sexual intercourse.

16.     Lehman and Wright discussed Zubair's protected health information with each other in the outpatient lab in front of Zubair's co-workers. One co-worker, Tiffany [last name unknown], learned from Lehman and/or Wright about Zubair's protected health information.

17.     On or about August 4, 2009, Zubair learned that Lehman and Wright improperly accessed his protected health information. He also learned that Lehman and Wright conveyed

3

the information to other co-workers.

18. On or about August 4, 2009, Zubair complained to Glenbrook Hospital's HIPAA Compliance Officer Roxanne Olson (hereinafter "Olson"), in person, that his protected health information was accessed by co-workers.

19. On August 4, 2009, Olson responded that she would investigate Zubair's complaint.

20. On information and belief, Olson then discussed Zubair's complaint with Arlene Clancy (hereinafter "Clancy"), Zubair's direct manager.

21. At some point between August 11 and August 15, 2009, Zubair also discussed the HIPAA violation with Clancy.

22. On or about August 20, 2009, Zubair was written-up for a "Level One Corrective Action" which was the first step in progressive discipline. This was based on the issue of absences and tardies dating back to April 23, 2009, a date *prior* to the beginning of Zubair's employment. A copy of said correspondence is attached here and made a part hereof as Exhibit "B."

23. On or about August 30, 2009, Zubair also complained to Arlene Clancy, his immediate supervisor, regarding his co-workers deliberately missing patients' veins during venipuncture sticks. This resulted in additional sticks to the patient in order to hit the vein and draw blood. The repeated "sticks" were not for medical purposes, but were rather used as a deliberate form of punishment by some phlebotomists for patients who were not acting in an agreeable manner.

24. On or about September 11, 2009, Zubair was terminated.

25. At all times during his employment, Zubair met the reasonable expectations of his employer.

26. On October 7, 2009, North Shore's Chief Privacy Officer sent a correspondence to Zubair which *admitted* that his protected health information was improperly accessed by Lehman

and Wright on August 4, 2009. North Shore also stated that "[a]ccess to your medical record that was inappropriate has been addressed according to NorthShore policy and procedure." A copy of said correspondence is attached here and made a part hereof as Exhibit "C."

## COUNT I
### Retaliatory Discharge Under HIPAA and Medical Patient Rights Act

27. Zubair was terminated in intentional retaliation for asserting his rights to privacy and under the Health Insurance Portability and Accountability Act, 42 U.S.C. §1320d-5 (hereinafter "HIPAA") and the Medical Patient Rights Act, 410 ILCS 50/1 *et. seq*.

28. Similarly-situated employees who did not make such complaints were not terminated.

29. Zubair's termination was in violation of the public policy of the state of Illinois and the United States.

30. As a result of Zubair's termination, he has suffered loss of earnings and benefits. He has also experienced pain, suffering and emotional distress.

WHEREFORE, your Plaintiff, Mohammed Zubair, respectfully requests against Defendant NorthShore University Health System, that this Honorable Court:

    A.    Enjoin North Shore's continuing unlawful employment practices and reinstate Plaintiff to employment;

    B.    Grant Plaintiff a judgment in such sum as this court may deem equitable and just for back-pay, back benefits, front-pay and benefits, and compensatory damages;

    C.    Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

    D.    Award Plaintiff reasonable attorneys' fees and costs; and

    E.    For such other and further relief as this Honorable Court deems equitable and just.

## COUNT II
## Retaliatory Discharge for Complaints of Patient Mistreatment

1-30.   Plaintiff repeats and realleges Paragraphs 1 through 30 as if fully set forth herein.

31.   Plaintiff's termination was in intentional retaliation against Zubair for his complaints of patient mistreatment.

32.   Several other similarly-situated employees who did not report mistreatment of patients were not terminated.

33.   Further, Zubair's termination has a chilling effect on the rights of other employees to make complaint in the public interest.

34.   Zubair's termination was in violation of the public policy of the state of Illinois and United States which encourages employees to complain about mistreatment of patients.

35.   As a result of Zubair's termination from employment, he has suffered loss of earnings and benefits   He has also experienced pain, suffering and emotional distress.

WHEREFORE, your Plaintiff, Mohammed Zubair, respectfully requests as to Defendant NorthShore University Health System that this Honorable Court:

A.   Enjoin Defendant's continuing unlawful employment practices and reinstate Plaintiff to employment;

B.   Grant Plaintiff a judgment in such sum as this court may deem equitable and just for back-pay, back benefits, front-pay and benefits, and compensatory damages;

C.   Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

D.   Award Plaintiff reasonable attorneys' fees and costs; and

E.   For such other and further relief as this Honorable Court deems equitable and just.

## COUNT III
### Invasion of Privacy—Intrusion Upon Seclusion

1-35. Plaintiff repeats and realleges Paragraphs 1 through 35 as if fully set forth herein.

36. Zubair never authorized the access to his protected health information.

37. The protected health information was private and confidential.

38. The Defendants' actions constituted a violation of Illinois common law. Its actions were a tortious intrusion upon seclusion and an invasion of privacy.

39. The Defendants' actions were highly offensive and objectionable to Zubair, as well as the reasonable person.

40. North Shore personnel accessed the e-mails within the scope of their employment. Accordingly, North Shore is liable for their actions.

41. The Defendants acted willfully, maliciously, and in wanton disregard for Plaintiff's rights.

42. As a proximate result of the practice alleged, Zubair has suffered and will continue to suffer anguish and suffering. He has also suffered and will continue to suffer from severe emotional distress.

WHEREFORE, your Plaintiff, Mohammed Zubair, respectfully requests as to all Defendants that this Honorable Court:

    A. Grant a declaratory judgment finding that Plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the right to privacy;

    B. Permanently enjoin Defendants, their agents, successors, officers, employees and

    attorneys and those acting in concert with them from engaging in such conduct;

 C. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for compensatory damages;

 D. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

 E. Award Plaintiff reasonable attorneys' fees and costs; and

 F. For such other and further relief as this Honorable Court deems equitable and just.

## COUNT IV
### Invasion of Privacy—Public Disclosure of Private Facts

1-42. Plaintiff repeats and realleges Paragraphs 1 through 42 as if fully set forth herein.

43. The individual Defendants publicized Zubair's protected health information, specifically his condition of erectile dysfunction, to his co-workers, to the extent they are liable as individuals, to his employer.

44. The Defendants' actions constituted a violation of Illinois common law.

45. The Defendants' actions were highly offensive and objectionable to Zubair, as well as the reasonable person.

46. The individual Defendants accessed the information within the scope of their employment. Accordingly, North Shore is liable for their actions.

47. The Defendants acted willfully, maliciously, and in wanton disregard for Plaintiff's rights.

48. As a proximate result of the practice alleged, Zubair has suffered and will continue to suffer anguish and suffering. He has also suffered and will continue to suffer from severe emotional distress.

WHEREFORE, your Plaintiff, Mohammed Zubair, respectfully requests as to all Defendants that this Honorable Court:

    A.    Grant a declaratory judgment finding that Plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the right to privacy;

    B.    Permanently enjoin Defendants, their agents, successors, officers, employees and attorneys and those acting in concert with them from engaging in such conduct;

    C.    Grant Plaintiff a judgment in such sum as this court may deem equitable and just for compensatory damages;

    D.    Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

    E.    Award Plaintiff reasonable attorneys' fees and costs; and

    F.    For such other and further relief as this Honorable Court deems equitable and just.

### Count V
Intentional Infliction of Emotional Distress

1-48.    Plaintiff repeats and realleges Paragraphs 1 through 48 as if fully set forth herein.

49.    All Defendants' intentional conduct caused Zubair to suffer extreme emotional distress that was so severe that no reasonable person could be expected to endure it.

50.    Defendants' invasion of Zubair's personal privacy was so extreme and outrageous that is was beyond all possible bounds of decency. The Defendants purposefully abused their position to cause Zubair to suffer extreme emotional distress.

51.    Defendants' conduct was such that it intended to inflict severe emotional distress, or, in the alternative, they knew that there was a high probability that severe emotional distress would

result.

52. The Defendants' conduct was a proximate cause of Zubair's severe emotional distress. Zubair's injuries consisted of severe emotional distress, including but not limited to, physical illness, outrage, embarrassment and humiliation.

WHEREFORE, your Plaintiff, Mohammed Zubair, respectfully requests as to all Defendants that this Honorable Court:

A. Grant Plaintiff compensatory damages, including but not limited to damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life in the maximum amount allowed by law;

B. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

C. Award Plaintiff reasonable attorneys' fees and costs; and

D. For such other and further relief as this Honorable Court deems equitable and just.

## COUNT VI
**Disability Discrimination under Americans with Disabilities Act, 42 U.S.C. §12101**

1-52. Plaintiff repeats and realleges Paragraphs 1 through 52 as if fully set forth herein.

53. Zubair was qualified to perform the job of Laboratory Assistant.

54. Zubair was disabled within the meaning and purview of the Americans with Disabilities Act. In the alternative, Zubair was regarded as disabled by Defendant.

55. Defendant had knowledge of Zubair's disability.

56. Defendant terminated Zubair based on his disability or perceived disability. Further, Defendant purposely embarrassed and humiliated Zubair by publicizing his medical treatment for ED.

57. Similarly situated non-disabled employees were treated more favorably than Zubair in that they were not terminated. Further, Zubair was replaced by a non-disabled person.

58. As a proximate cause and result of the mistreatment alleged herein, Zubair suffered severe emotional distress.

59. Defendant's actions were intentional, willful, and malicious, or were committed with reckless indifference to Zubair's federally protected rights.

WHEREFORE, your Plaintiff, Mohammed Zubair, respectfully requests as to Defendant NorthShore University Health System that this Honorable Court:

    A.    Enjoin Defendant's continuing unlawful employment practices and reinstate Plaintiff to employment;

    B.    Grant Plaintiff a judgment in such sum as this court may deem equitable and just for back-pay, back benefits, front pay and benefits, and compensatory damages;

    C.    Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

    D.    Award Plaintiff reasonable attorneys' fees and costs; and

    E.    For such other and further relief as this Honorable Court deems equitable and just.

## COUNT VII
### Race Discrimination under Title VII, 42 U.S.C. §2000e

1-59. Plaintiff repeats and realleges Paragraphs 1 through 59 as if fully set forth herein.

60. Zubair was treated less-favorably than non-Asian employees. In addition, on information and belief, Zubair was replaced by a non-Asian person.

61. Zubair has suffered economic and professional loss. Zubair was outright denied the opportunity to achieve and advance despite his effort.

11

62. As a proximate cause and result of the mistreatment alleged herein, Zubair suffered severe emotional distress.

63. Defendant's actions were intentional, willful, and malicious, or were committed with reckless indifference to Zubair's rights.

WHEREFORE, your Plaintiff, Mohammed Zubair, respectfully requests as to Defendant NorthShore University Health System that this Honorable Court:

A. Enjoin Defendant's continuing unlawful employment practices and reinstate Plaintiff to employment;

B. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for back-pay, back benefits, front-pay and benefits, and compensatory damages;

C. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

D. Award Plaintiff reasonable attorneys' fees and costs; and

E. For such other and further relief as this Honorable Court deems equitable and just.

## COUNT VIII
### National Origin Discrimination under Title VII, 42 U.S.C. §2000e

1-63. Plaintiff repeats and realleges Paragraphs 1 through 63 as if fully set forth herein.

64. Zubair was treated less-favorably than non-Indian employees. In addition, on information and belief, Zubair was replaced by a non-Indian person.

65. Zubair has suffered economic and professional loss. Zubair was outright denied the opportunity to achieve and advance despite his effort.

66. As a proximate cause and result of the mistreatment alleged herein, Zubair suffered severe emotional distress.

67. Defendant's actions were intentional, willful, and malicious, or were committed with reckless indifference to Zubair's rights.

WHEREFORE, your Plaintiff, Mohammed Zubair, respectfully requests as to Defendant NorthShore University Health System that this Honorable Court:

    A.    Enjoin Defendant's continuing unlawful employment practices and reinstate Plaintiff to employment;

    B.    Grant Plaintiff a judgment in such sum as this court may deem equitable and just for back-pay, back benefits, front-pay and benefits, and compensatory damages;

    C.    Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

    D.    Award Plaintiff reasonable attorneys' fees and costs; and

    E.    For such other and further relief as this Honorable Court deems equitable and just.

## COUNT IX
### Discrimination under 42 U.S.C. §1981

1-67. Plaintiff repeats and realleges Paragraphs 1 through 67 as if fully set forth herein.

68. Defendants took the above-described actions against Zubair with discriminatory or retaliatory intent and/or in reckless or gross disregard of Plaintiff's federally protected rights. Defendants thereby violated the Thirteenth Amendment to the Constitution as protected by 42 U.S.C. §1981.

WHEREFORE, your Plaintiff, Mohammed Zubair, respectfully requests as to all Defendants that this Honorable Court:

    A.    Enjoin Defendant's continuing unlawful employment practices and reinstate Plaintiff to employment;

B. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for back-pay, back benefits, front pay and benefits, and compensatory damages;

C. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

D. Award Plaintiff reasonable attorneys' fees and costs; and

E. For such other and further relief as this Honorable Court deems equitable and just.

## JURY DEMAND

Plaintiff, Mohammed Zubair, respectfully demands trial by jury.

Respectfully submitted,

/s/ Annemarie E. Kill
One of attorneys for Plaintiff

Dated: July 30, 2010

AVERY CAMERLINGO KILL, LLC
Annemarie E. Kill (#6229587)
218 N. Jefferson St., Suite 200
Chicago, IL 60661
312-648-9707
312-648-9713 (fax)
akill@averycamerlingokill.com